### WEINGREEN v. MICHELBACHER et al.

(Supreme Court, Special Term, New York County. January 21, 1914.)

CORPORATIONS (§ 182*)—INSOLVENCY—SALE OF ASSETS—AUTHORITY OF DIRECTORS—MINORITY STOCKHOLDER.

> Where a corporation was practically insolvent and without available capital or assets to continue its business, its directors, in the absence of fraud or bad faith, were authorized, under a resolution voted by a majority of the stock, to sell its assets and business to protect the shareholders from further loss, without being liable to a minority dissenting stockholder, he not being entitled, under such circumstances, to compel a valuation and purchase of his stock, as provided by Stock Corporation Law (Consol. Laws, c. 59) §§ 16, 17, which apply only to solvent corporations selling their assets as going concerns.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 686–690; Dec. Dig. § 182.*]

Action by one Weingreen against one Michelbacher and others. Complaint dismissed.

See, also, 148 N. Y. Supp. 1150.

Waldo & Ball, of New York City, for plaintiff.
Herman Goldman, of New York City, for defendants.

GREENBAUM, J. The plaintiff, a stockholder of the defendant, the "E. Weingreen Company," brings this action against its directors

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

for an accounting and damages, alleging that the individual defendants had conspired to deplete the business of the corporation for their own benefit and advantage and for the purpose of defrauding the plaintiff. The evidence before the court conclusively established that the defendants had neither conspired together nor perpetrated any fraud, and that their acts in disposing of the assets of the corporation were performed in good faith. The corporation was practically insolvent when the defendants were elected as directors. A considerable portion of the merchandise consisted of manufactured fur garments of old styles, many of them carried over from year to year, the original cost of their production being far beyond their actual value when sold. The corporation manufactured its wares, and at the time complained of it had no cash or available capital or assets with which to continue its manufacturing business. Under these circumstances, the defendants, directors of the corporation, undertook to sell the merchandise at private sale, and after disposing of a portion of its stock of goods to various individuals at the best prices obtainable and after unsuccessful efforts, lasting many months, they sold the balance of the merchandise in lots at public sale to the highest bidders. With the proceeds they paid all the debts of the corporation, excepting only a considerable balance due the defendant Solomon Michelbacher, a director, who was the largest creditor of the company.

The plaintiff relies upon Matter of Timmis, 200 N. Y. 177, 93 N. E. 522, in which the court had under consideration the effect to be given to sections 16 and 17 of the Stock Corporation Law (Consol. Laws, c. 59). In that case the corporation, which apparently was abundantly solvent, had called a meeting of its stockholders for the purpose of considering a resolution whether the trustees be authorized to sell to another corporation which had been organized for that purpose a department of its business which was a valuable integral part thereof, and more than two-thirds of the stockholders had voted in favor of the resolution. A minority stockholder opposed the contemplated transfer. The court, after stating "We are not now called upon to lay down a rule embracing all the cases covered by the statute, but simply to decide whether the facts of this case bring it within the sections under consideration," held that the facts in the case before it warranted the granting of the application of the minority stockholder for an appraisal of the value of his shares of stock and the payment therefor by the corporation, pursuant to section 17. Judge Vann, in his opinion, shows that these sections of the Stock Corporation Law were enacted as remedial legislation to overcome the injustice that otherwise might flow to minority and majority stockholders by reason of the law as established by Abbot v. American Hard Rubber Co., 33 Barb. 578, and People v. Ballard, 134 N. Y. 269, 32 N. E. 54, 17 L. R. A. 737, and other cases. The learned judge states the law of these cases as follows:

"That a corporation cannot sell all its property or even a part thereof so integral as to be essential for the transaction of its ordinary business, because such a sale is wholly or partly an act of self-destruction and a practical dissolution without compliance of law."

People v. Ballard and Abbot v. American Hard Rubber Co., supra, cited in the Timmis Case, were cases in which directors of a corporation transferred a valuable going business to another corporation, and in which directors of the former corporation became directors of the latter. It is thus quite evident that the cases just discussed have reference to solvent going concerns where majority stockholders seek to transfer the business of a corporation to another corporation which is to continue the business. The facts in the case at bar come within the principles discussed in Jameson v. Hartford Fire Insurance Co., 14 App. Div. 380, 44 N. Y. Supp. 15, in which the limitations upon the application of the rule in Abbot v. American Hard Rubber Co., supra, are pointed out. In Skinner v. Smith, 134 N. Y. 240, 250, 31 N. E. 911, 914, reported in the same volume as People v. Ballard, supra, it is said:

"The right of a manufacturing corporation to discontinue its operations when they have become unprofitable, for the purpose of protecting shareholders from further loss does not admit, we think, of doubt" (citing numerous cases).

In the absence of fraud or bad faith the plaintiff has no cause of action. The complaint must be dismissed upon the merits.