In the Matter of the Application of BENJAMIN J. MACDONALD, Appellant, for the Appointment of Three Appraisers of His Stock in the ULSTER BRICK COMPANY, Respondent.

Second Department, May 18, 1923.

Corporations — sale of entire property by directors after discontinuance of business — sale was ratified by stockholders — sale was not made under Stock Corporation Law, § 16 — objecting stockholder cannot have stock appraised under Stock Corporation Law, § 17 — sale was void.

A sale by the directors of a corporation, which was engaged in making bricks, of its entire property after it has ceased to do business, which is ratified later by a majority of the stockholders, is not made under section 16 of the Stock

Corporation Law and, therefore, a stockholder who objects to the sale cannot have his stock appraised under section 17 of the Stock Corporation Law.

*It seems*, that the sale is void inasmuch as it was not made in the manner prescribed by section 16 of the Stock Corporation Law.

APPEAL by the petitioner, Benjamin J. Macdonald, from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Orange on the 8th day of February, 1923, denying his motion for the appointment of appraisers.

*Robert P. Schur*, for the appellant.

*Graham Witschief*, for the respondent.

RICH, J.:

This appeal is from an order at Special Term denying appellant's petition for the appointment of appraisers to appraise his stock in the Ulster Brick Company under section 17 of the Stock Corporation Law.

It appears that the defendant corporation was organized in 1906 for the purpose of operating a brickyard it subsequently acquired at Glascow in the county of Ulster. Of its capital stock, 435 shares, petitioner is the owner of 60 shares. The enterprise does not appear to have been prosperous. During the years 1906 to 1911 inclusive, it incurred a total indebtedness of $26,120.37, which was occasioned by losses in the operation of its business. The corporation ceased to conduct the business for which it was organized after the year 1914. On March 1, 1922, the directors of the corporation sold all of its assets, including the brickyard, to Abbot Merchandise Corporation for $55,000, and received in payment, cash $5,000, and a purchase-money mortgage upon the brickyard for $50,000. On the 12th day of September, 1922, at a meeting of the stockholders, a resolution was passed ratifying the sale. The petitioner was present at this meeting and dissented from the action of the majority stockholders, and demanded an appraisal of his stock. This proceeding was subsequently instituted and resulted in the order from which this appeal is taken.

The learned court at Special Term denied the petitioner's application on the authority of *Weingreen* v. *Michelbacher* (149 N. Y. Supp. 110), and upon the ground that the corporation had ceased to do business for several years and was clearly insolvent. The order must be affirmed, though we do not base this conclusion upon the ground stated by the learned Special Term. The petitioner has mistaken his remedy, if he has any. The sale was not made under section 16 of the Stock Corporation Law, as amended by chapter 396 of the Laws of 1920, and consequently section 17

is not applicable. I am of the opinion that the *Weingreen* case is not an authority and that it is clearly distinguishable from the facts in the case at bar. In that case the corporation was engaged in manufacturing and selling furs. It sold its stock of furs to another corporation, but it did the very thing that it was incorporated to do, while here the directors sold the good will of the corporation and the brickyard and the clay that was essential for the conduct of its business. In other words, by their acts they put the corporation out of business. We are not called upon to decide whether a valid contract was made for the sale of the assets of this corporation and do not attempt to do so, nevertheless I am of the opinion that the sale was without authority and void. There is no authority in a board of directors of a public (?) corporation to put it out of business by a sale of its entire assets, except as provided by section 16 of the Stock Corporation Law. (*People* v. *Ballard*, 134 N. Y. 269.) In the case of an insolvent corporation, recourse may be had to the procedure authorized by statute.

I advise as the order is right though based upon an untenable ground, that it be affirmed, without costs.

KELLY, P. J., JAYCOX, MANNING and KELBY, JJ., concur.

Order affirmed, without costs.